EDWARDS, Judge.
Defendants are the co-owners of a tract of land situated in the southwestern quadrant of the intersection formed by Siegen Lane and Airline Highway in Baton Rouge, Louisiana. The State, through its Department of Transportation and Development (DOTD), instituted this expropriation proceeding to obtain a strip of land to relocate a section of Siegen Lane. Pursuant to LSA-R.S. 48:441-460, DOTD took 46,304.32 square feet of land from the property owners on January 26, 1984. As an initial estimate of the property’s value, DOTD deposited $131,091.00 into the registry of the court.
On February 23, 1984, the owners filed an answer, alleging that the property to be taken had a value of no less than $750,-000.00. They also asked for severance damages of at least $275,000.00 plus costs and attorney’s fees. On February 28,1984, the owners withdrew the funds deposited with the court.
At the time of the taking, the entire tract was somewhat rectangular in shape, fronting on Airline Highway and along Siegen Lane, containing 108,191.20 square feet. *421 The back portion of the property was subject to a drainage servitude for Claycut Bayou. After the taking, the owners had four noncontiguous tracts.
This case was tried in November, 1984, with judgment in favor of DOTD in the amount of $11,869.14, costs to be paid by the State. Both sides appealed. In this court, the owners contest the valuation of the property and ask for attorney’s fees. The State contests a severance damage award and resists having to pay costs.
Testifying as real estate appraisers on behalf of the property owners were John LeJeune and Kermit Wayne Williams. Oren W. Russell testified for DOTD. They all agreed that, since this was unimproved property, the market-data approach was the best way to evaluate its worth. Agreement ended at that point, however, when the experts gave widely differing views concerning just compensation and severance damages.
For purposes of appraisal, Mr. Williams divided the property into ten separate tracts. The court adopted this division in deciding the case.
Comparables selected by Mr. Williams consisted of fourteen different sales, seven of which were located on Airline Highway north of Interstate 12, about two miles from the subject property. Two of his comparables were south of Interstate 12, about a mile north of the property, and the remaining five were on Siegen Lane, south of the property. Mr. Williams also took into consideration a purchase agreement between the owners and First National Bank of Baton Rouge, dated April 11,1983, in which the owners were offered $350,-000.00 for a portion of the land.
John LeJeune’s comparables consisted of five sales, three of which were located on Sherwood Forest Boulevard, often referred to as the “Miracle Mile.” Another was at the comer of Siegen Lane and Interstate 10, and the fifth was at the intersection of Highland Road and Perkins.
Oren Russell disagreed with the other experts. He said the comparables on Airline Highway north of Interstate 12 were superior to the subject property. He said the Sherwood Forest Boulevard compara-bles, located in the “Miracle Mile,” were also superior, since they were part of the most expensive commercial property in Baton Rouge at that time. He chose his comparables from lots on Airline Highway which, together with the subject property, had once formed a larger tract.
The expert testimony is summarized as follows:
Williams LeJeune Russell
Value Before Taking $687,720. $730,790. $357,774.
Value of Part Taken $205,095. $222,350. $108,211.
Severance Damage $217,690. $231,690.
Just Compensation $422,785. $454,040. $108,211.
The court accepted a combination of the testimony by Mr. Williams and Mr. Russell, fixing just compensation of $114,804.50. We note a mathematical error in the addition on page seven of the written reasons for judgment. The amount should be $114,904.50, and we change it accordingly. The court then allowed severance damages of $4,417.36, bringing the total judgment to $119,221.86 which we correct to $119,-321.86.
DOTD deposited $131,091.00, not $131,-019.00 as stated in the reasons for judgment. The difference between the $131,-091.00 deposited and the corrected amount of $119,321.86 is $11,769.14. This is the true amount of the judgment, $100.00 less than that which was awarded by the court.
Expert witness fees and a curator’s fee were assessed as costs, totalling $5,750.00. All costs were taxed to DOTD.
*422 The owners now claim their property was undervalued, and the State wants the severance damages offset by special benefits. We disagree with both claims. The trial judge was rigorous in his evaluation of the testimony. In order to reverse or modify the judgment, we would have to find manifest error under the guidelines set out in Canter v. Koehring, 283 So.2d 716, 724 (La.1973):
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.
There is no error in the record. Accordingly, we affirm the compensation and damages, as corrected. We also affirm the corrected judgment of $11,769.14 in favor of DOTD for the difference between the amount of the judgment and the amount withdrawn by the owners.
Concerning attorney’s fees for the owners, LSA-48:453 provides that:
Reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment.
Since the deposit was greater than the judgment, the trial court was correct in not awarding the owners their attorney’s fees.
DOTD assigns error to the court’s assessment against it of “all costs,” which included $5,750.00 in expert witness fees and a curator’s fee. LSA-R.S. 19:12 provides that:
If tender is made of the true value of the property to the owner thereof, before proceeding to a forced expropriation, the costs of the expropriation proceedings shall be paid by the owner.
We agree that tender of the property’s true value was made by DOTD. Accordingly, we reverse this part of the judgment and assess the owners with the costs of these proceedings.
AFFIRMED IN PART, REVERSED IN PART.